UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS CALZONE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY<br><br>    Defendant. | No. 3:17-cv-00518 (MPS) |

## RULING ON MOTION TO DISMISS

Plaintiff Thomas Calzone has sued State Farm Fire and Casualty Company ("State Farm") for: (i) breach of contract (count 1); (ii) breach of duty of good faith and fair dealing (count 2); and (iii) violation of the Connecticut Unfair Insurance Practices Act ("CUIPA) (count 3). State Farm moves to dismiss counts two and three of Plaintiff's complaint. Plaintiff has not filed a response to the motion, despite having had months to do so. For the reasons set forth below, State Farm's motion is granted.

### I. Factual Allegations

Plaintiff makes the following factual allegations, which I assume to be true.

State Farm issued an insurance policy to Plaintiff on November 7, 2014 that provided coverage for Plaintiff's property. (ECF No. 1-1 at ¶ 1). The policy obligated State Farm "to compensate the plaintiff for certain losses to the subject property, including losses due to snow. . . ." (*Id.* at 5). On March 2, 2015, while the policy was in "full force and effect, the subject property sustained significant losses due to ice damming following a snow storm." (*Id.*) Despite

1

its obligation to compensate Plaintiff for the damage to his property, State Farm "refused to pay the sum due to [Plaintiff] for the loss sustained." (*Id.* at ¶ 7). State farm failed to "adequately review, investigate and appraise the loss related to the claim." (*Id.* at 8). Plaintiff "has suffered and continues to suffer, direct loss (sic) and indirect losses as a result of [State Farm's] actions." (*Id.* at ¶ 10).

## II. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), it must grant the moving party's motion if "a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims. . . ." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004).

## III. Discussion

Since Plaintiff declined to file a response to State Farm's motion to dismiss, I must determine whether Plaintiff's "pleadings provide sufficient grounds to deny the motion." Local Civ. R. 7(a)(1).

### a. Breach of Duty of Good Faith and Fair Dealing (count 2)

State Farm moves to dismiss Count Two, which alleges a breach of the duty of good faith and fair dealing. "Every contract imposes upon each party a duty of good faith and fair dealing

in its performance and its enforcement." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 432 (2004) (internal citations, quotation marks, and alterations omitted). "To constitute a breach of [the duty of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." *Id.*, quoting *Alexandru v. Strong*, 81 Conn. App. 68, 80-81 (2004). The concept of bad faith includes "both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." *Habetz v. Condon*, 224 Conn. 231, 237 (1992), quoting Black's Law dictionary (5th ed. 1979). In sum, "[b]ad faith means more than mere negligence; it involves a dishonest purpose." *Id.* An insurer's "failure to conduct an adequate investigation of a claim, when accompanied by other evidence, reflecting an improper motive, properly may be considered as evidence of bad faith." *Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 116 (D. Conn. 2014). "Allegations of a mere coverage dispute or negligence by an insurer in conducting an investigation," however, do not state a claim for bad faith. *Martin v. American Equity Ins. Co.*, 185 Supp. 2d 162 (D. Conn. 2002).

Plaintiff's allegations do not plausibly assert that State Farm failed to pay the insurance claim in full in bad faith. While Plaintiff uses the watchwords of bad faith in his complaint, he does not provide the requisite facts to "nudge [his] claim[] across the line from conceivable to plausible*.*" *In re Fosamax Products Liab. Litig.*, No. 09-cv-1412, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010). Plaintiff does not set out which part of the policy State Farm ignored in inadequately responding to his insurance claim nor its stated reasons for doing so. Cf. *Liston-Smith v. Csaa Fire & Casualty Insurance Companya,* No. 3:16-CV-00510 (JCH), 2016 WL

3

6246300, at *3 (D. Conn. Oct. 25, 2016) (granting motion to dismiss claim for breach of duty of good faith and fair dealing because plaintiff did "not explain what policy provisions were used unreasonably, how they were applied, or even allege a sinister motive other than a denial of benefits"); *Martin v. American Equity Ins. Co.*, 185 F. Supp. 2d 162, 165 (D. Conn. 2002) (granting motion to dismiss claim for breach of duty of good faith and fair dealing because plaintiff "never specif[ied] how or in what manner defendant's denial of coverage . . . was unreasonable, outrageous, malicious and done in bad faith") (internal quotation marks omitted). Without such information, Plaintiff's claim amounts to a mere "naked, conclusory allegation[] as to the legal status of defendant's acts. . . ." *Martin*, 185 F. Supp. 2d at 165. Plaintiff's count must therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

### b. Violation of CUIPA (count 3)

State Farm moves to dismiss Count Three, which alleges a violation of CUIPA. CUIPA proscribes a number of "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance." Conn. Gen. Stat. § 38a-316(6). These include "[u]nfair claim settlement practices," such as "refusing to pay claims without conducting a reasonable investigation based upon all available information." *Id.* "To sustain a claim of unfair settlement practices, 'it is essential that the Complaint allege that the defendant engaged in more than a single unfair act; it must have engaged in the proscribed act often enough that it constitutes a general business practice.'" *Courteau v. Teachers Insurance Company*, 243 F. Supp. 3d 215, 218 (D. Conn. 2017), quoting *Liston-Smith*, 2016 WL 6246300 at *3.

Plaintiff's CUIPA claim fails for two reasons. First, CUIPA "does not authorize a private right of action. . . ." *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 317 Conn. 602, 623 (2015). Rather, the proper vehicle for advancing such claims is the Connecticut Unfair Trade

4

Practices Act (CUTPA), which the Connecticut Supreme Court has concluded provides a private right of action for violations of CUIPA. *Id.* at 623, citing *Mead v. Burns*, 199 Conn. 651, 663 (1986). Even if Plaintiff's claim were properly pled under CUTPA, it would still fail as it only alleges malfeasance related to a single insurance claim. This alleged singular act does not constitute the "general business practice" set out in CUIPA. *See Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 849 (1994) ("We conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice' as required by § 38a-816(g)."). Plaintiff's allegations concerning other claims are conclusory. Thus, Plaintiff's CUIPA claim must be dismissed.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss is granted. Plaintiff's claims for breach of the covenant of good faith and fair dealing and for violation of CUIPA are dismissed.

IT IS SO ORDERED.

       /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
             November 2, 2017